HART and others *vs.* CRANE and another.

Where an assignment is made by an insolvent debtor, of his property, for the
  benefit of his creditors, the assignee is bound to sell the property either at
  public or private sale without delay, and to pay over the proceeds to the
  creditors; and he cannot delay the creditors until the property can be sold
  at its highest retail prices, without being guilty of a breach of his trust.
An assignment which directed the assignee to delay the sale of the property
  for the purpose of obtaining higher prices, unless with the consent of the
  creditors, would be fraudulent.

THIS was an application to appoint a receiver of proper- *September 5.*
ty assigned by one of the defendants, who was insolvent, to
the other defendant, in trust for the payment of the debts
of the assignor. It appeared that the assignee of the
property, a small store of goods in the city of New-York,
instead of selling off the property at once for the payment
of the debts, had carried on the store for the purpose of re-
tailing out the goods in the usual mode in which retail mer-
chants conduct their business.

*W. Silliman,* for the complainants.

*W. W. Frothingham,* for the defendants:

The CHANCELLOR decided, that upon an assignment of
property of this description, it was the duty of the assignee
to proceed and sell the property either at public or private
sale without delay, and to pay over the proceeds thereof to
the creditors, for whose benefit such assignment was made;
that the assignor could not legally delay his creditors in
the collection of their debts until his property could be sold
at its highest retail prices, and thereby secure to himself
the benefit of such increased value in the discharge of his
debts; that the creditors were entitled to have the prop-
erty of the debtor sold at the best price it would bring at
public or private sale immediately after the assignment;
that it would be a fraud upon them if, by the terms of

the assignment, the assignee was directed to delay the sale for the purpose of obtaining higher prices for the property, unless by the consent of the creditors; that if the assignment contained no such direction, it was a breach of trust on the part of the assignee to delay the sale of the property for the purpose of retailing it out for higher prices, without the directions of those who were entitled to have it converted into money without any unnecessary delay; and that the proper course for an assignee in such a case, if he could not sell the property for its fair cash value at private sale immediately, was to sell it at auction, giving to the creditors reasonable notice of such sale, so that they might attend and see that it was not sold below its cash value, unless all the creditors interested in the assigment wished to have the sale of the property delayed for the purpose of obtaining greater prices therefor.

A receiver was therefore appointed, with directions to him to sell the assigned property, and to bring the proceeds into court, for the benefit of the complainants and the other creditors interested under the assignment.