RICHARD SUYDAM and others, *vs.* ANTOINE DEQUINDRE, PETER J. DESNOYERS and others.

Where a bill was filed by a cestui que trust to set aside a deed of assignment as fraudulent, or to enforce the trust: upon demurrer to the bill, it was held that it was not necessary to make a company parties defendants, whose rights accrued prior to the execution of the deed of assignment, and were set forth in the instrument of assignment which was recited in the bill, and that if a sale of the assigned property should become necessary, it must be sold subject to the rights of the company.

Where several persons were named as creditors in a deed of assignment for the benefit of creditors, and a bill was filed by some of the creditors, for whose benefit the assignment was made to set aside the assignment as fraudulent, or enforce the trust, and the bill set out the assignment, and stated that all the debts due to the creditors named in it, except the complainants had been paid up and extinguished; upon demurrer to the bill, it was held that it was not necessary to make those persons whose debts were stated to have been paid and satisfied parties to the bill.

A. on the 24th day of October, 1836 made an absolute assignment of certain real and personal estate to D., for the purpose of paying his debts as designated in schedules attached to the deed of assignment, directing the trustee to sell all the property assigned at private or public sale within two years, and D. having accepted the trust by signing the deed, but never having taken possession of the property, or sold or disposed of any part thereof, or done any thing towards carrying the objects of the trust into execution within the two years, upon a bill filed by S. and others, creditors of A., and for whose benefit in part, the assignment was made for the purpose of coercing the application of the property assigned to the purposes expressed in the deed of trust, or have the same set aside and vacated; it was held that the bill was not prematurely filed, and that the complainants had a right to institute proceedings in this court to enforce the execution of the trust or set aside the deed. It was further held that the deed of trust being absolute in its terms, and the trustee having accepted the trust, the property assigned was dedicated to the purposes of the trust, although the deed was made without the knowledge or concurrence of the cestui que trust.

Where the conveyance is absolute, vesting the property in the assignee, no express assent of a cestui que trust is required. The relation of trustee and cestui que trust is constituted at once on the execution of the deed, and cannot afterwards be revoked except upon the express dissent of the cestui que trust.

Bill filed by creditors to set aside a deed of assignment on the ground of fraud, or to enforce the execution of the trust under the deed.

To this bill the defendants demurred.

A. D. FRASER in support of the demurrer.

E. C. SEAMAN contra.

THE CHANCELLOR.—The first point made in support of the demur-

rer is, that the time limited in the deed of assignment for closing the trust had not expired at the time of filing the bill in this cause. The deed of assignment was made on the twenty-fourth day of October, eighteen hundred and thirty-six; the time limited for closing the trust expired on the twenty-fourth day of April, eighteen hundred and forty, and the bill was filed on the ninth of March, eighteen hundred and forty.

The bill alleges that the assignment was fraudulent, and it is further alleged that the trustee up to the time of filing the bill had neglected to take possession of the property, or to take any steps towards executing the trust, and had declared his intention not to execute it. The demurrer cannot be sustained on this ground. The complainants who are judgment creditors were authorized under these circumstances and before the time had expired for closing the trust to resort to this court either for the purpose of setting aside the assignment or to procure the aid of this court to compel an execution of the trust. Other causes of demurrer were suggested *ore tenus :* *First*, that the Detroit and Pontiac Rail-road Company should have been made parties. I think this was unnecessary. Their rights accrued prior to the execution of the deed of assignment, and are set forth in that instrument which is recited in the bill, and if a sale of the premises shall become necessary, they must be sold subject to the rights of the company. *Eagle Fire Company vs. Lent et. al.* 6 *Paige* 635. It is also urged that several persons who were named as creditors in the assignment are not made parties to the bill ; as to all those persons it is alleged in the bill that the debts due to them have been paid and extinguished. This is sufficient upon demurrer. If the allegations in the bill in this respect prove true, it was not necessary to make them parties. The other objection is that James Boyd, Jr., should have been made a complainant instead of a defendant. It would seem to me to have been preferable if the bill had been so framed, but he has been made a party and the court will be able to settle and adjudicate on his rights in the case, under the present bill. It is merely a technical objection and not sufficient to sustain the general demurrer.

Demurrer overruled and leave to answer.

The defendant Dequindre put in an answer denying all fraud and claiming the right to revoke the deed of assignment on the ground that the creditors were not parties or privies to the deed and never claimed any benefit under it until about the time of filing the bill in this case.

The complainants' solicitor moved for the appointment of a receiver.

E. C. SEAMAN, in support of the motion.

1. The deed from Dequindre to Desnoyers created a trust which Desnoyers accepted by executing the deed and putting the same on record. See *Jeremy's Eq.* 138.

The transcript of the record certified is evidence of itself of the contents thereof and of the due execution of the deed. *R. S.* 261, *Sec.* 31 *Laws of* 1840, 167, *Sec.* 6.

2. Desnoyers having accepted the trust was bound to execute it faithfully, and a court of equity has power to enforce its execution in behalf of the *cestui que trust*, 2, *Story's Eq.*, 303-4 *Jeremy's Eq.* 20, *Sands vs. Codwise* 4 *Johns. Rep.*, 536, and if the trustee dies or is incompetent or refuses to act, or if there has been an omission to appoint one, the court will appoint. *Jeremy's Eq.*, 20, 163.

In this case Desnoyers utterly refused to act as trustee before the bill was filed, and the time within which he was authorized to sell expired in April, 1840, and he is now a naked trustee holding the legal title without the power to sell.

3. As Desnoyers has refused to act and his power to act has expired, a receiver should be appointed to collect the rents and profits for the benefit of the creditors as well as to take charge of the property.

In all cases where there is danger of trust property being squandered, a court of equity will appoint a receiver. 2 *Story's Eq.* 130 132, *sec.* 827 *to* 829, 836 ; *Jeremy's Eq.* 174, 248, 2 *Madd. Ch.* 189, 12 *Vesey* 4, *Hart vs. Crane* 7 *Paige* 37.

4. Desnoyers as well as Dequindre is liable for the rents and profits of the trust property accruing since the execution of the trust deed, and should be ordered to pay the same forthwith to a receiver for the benefit of the creditors. *Sands vs. Codwise* 4 *J. R.* 536; *Id.* 604-5 ; and a court of equity will hold a trustee responsible for the consequences of a breach of trust whether he derives any ben-

First Circuit efit from it or not. 2 *Madd Ch* 113 ; *Adams vs. Shaw, Schoales &*
Suydam.  *Lefroy* 272 ; 17 *Ves.* 489 ; 2 *Story's Eq.*, Sec. 1268-9, *Id.* 1275-6,
*vs.*
Dequindre *page* 510 *to* 518.

A court of equity will also hold a trustee responsible for losses re-
sulting from a wilful default.  *Osgood vs. Franklin,* 2 *John Ch. R.* 27.
And where a trustee keeps a trust fund in his hands for a year and
omits to pay over the proceeds the court will charge him with inter-
est.  *Gray vs. Thompson,* 1 *Johns Ch. R.* 82.

A. D. Fraser, contra.

1. The deed was executed without the privity of any of the cred-
itors, they are not parties thereto, nor ever assented to it, or until
now claimed the benefit of it, and it was without any consideration.
He may therefore revoke it.

Where a person does *without the privity of any one, without recei-*
*ving consideration, and without notice to any creditor* himself make
a disposition as between himself and trustees, for the payment of his
debts, he is merely directing the mode in which his own property
shall be applied for his own benefit, and that the general creditors
or those named in the schedule are merely persons named there for
the purpose of shewing how the trust property under the voluntary
deed shall be applied for the benefit of the volunteers.  *Garrard vs.*
*Lord Lauderdale* 3 *Sim. Ch. R.* 1, *(S. C. 5 Eng. Ch. Cond,* 1 *;)*
*Walwyn vs. Coutts,* 3 *Mer.* 707, *(S. C.* 3 *Simons* 14 *; S. C.* 5
*Eng. Cond. Ch.* 7.

The deed in this case was a voluntary deed.

Dequindre was dealing with his own property for his own person-
al benefit and accommodation in paying his creditors as he thought
proper. *Page vs. Broom* 4 *Russell* 6, *(S. C.* 3 *Eng. Ch. Cond.* 543.*)*
The creditors never submitted or assented to take the benefit of the
deed, or conformed to its terms, or abstained from sueing him in con-
sequence.  2 *Sugden,* 187, 2 *Chitty's Eq. Dig.* 1181.

If property be conveyed by a debtor in trust for the benefit of
creditors who are neither parties nor privy to the deed, the deed
merely operates as a power to the trustees to apply the property in
payment of debts, and such power is revocable by the debtor.  *Acton*
*vs. Woodgate* 2 *Mylne & Keene* 492. *(S. C.* 8 *Eng. Ch. Cond.* 97.*)*

2d. If the creditors are entitled to any benefit under the deed of assignment, the remedy is at law, as there is a covenant on the part of Desnoyer to execute the alleged trust.

Equity has cognizance only of executory trusts not (as to trusts) of those executed, or where trusts can be enforced at law there must be some act to be done by the trustee. *Baldwin* 407.

It cannot sustain a suit at law on an equitable right, only adjudge a remedy appropriate only to equity.

To sustain a suit in equity on a mere legal right for which the law affords a complete remedy. *Ibid.* 407, 2 *Cr.* 444.

If a trust is made and no agreement to execute it, the trust is in equity, but if there is, it is to be enforced at law. *Ibid.* 422.

3d. Even if complainants should be entitled to relief and this should be the competent mode, yet it is insisted that this bill was prematurely filed—the bill being filed on the 9th March, 1840, although the alleged trust did not expire till 24th April, 1840.

A plaintiff must have the right he asks when he puts his bill upon the file. `4 *Russell* 355. *S. C.* 5 *Eng. Ch. Cond.* 4.

4. In any stage of the case the want of equity is fatal. *Baldwin* 416.

December 7, 1841.

THE CHANCELLOR.—On the twenty-fourth day of October, 1836, Dequindre, one of the defendants in this cause, made an absolute assignment and conveyance of certain real and personal estate to the defendant, Desnoyer, for the purpose of paying his debts, as designated in schedules attached to the deed of assignment.

The directions in the deed of assignment were, that the trustee should sell at private sale, and that such portions of the property as should not have been sold at the end of eighteen months should be sold at public auction within two years thereafter. Among the creditors who were directed to be paid from the proceeds of such sale, were the complainants in this cause.

Desnoyer accepted the trust expressly was a party to and signed and sealed the deed of assignment at the time it was executed ; but as appears from the bill and the answers in the cause, has never either taken possession of the property or sold or disposed of any

part of it, or indeed done any thing towards carrying the objects of the trust into execution. The two years within which he was to have closed the trust, by sale at auction, of whatever should not have been sold at private sale, expired on the twenty-fourth of April, 1840. On the ninth of March, 1840, this bill was filed for the purpose of either coercing the application of this property to the purposes expressed in the deed of trust or to have it set aside and vacated. A preliminary objection was made that this bill was prematurely filed; but I have no doubt that after so long a time had elapsed and after the trustee had refused to proceed in the execution of the trust, the complainants could institute proceedings to set aside the deed, or compel the execution of the trust.

But this motion is resisted principally on the ground that the deed of trust was voluntary, that the creditors were not parties to it, nor ever assented to it, and have not, until now, claimed the benefit of it; and therefore that Dequindre may revoke it. There is an apparent, and perhaps an actual conflict of the authorities on this subject.

The case of *Walwyn vs. Coutts,* 3 *Merivale* 707 seems to be the case referred to in subsequent decisions as the basis of this doctrine. In that case the deed of trust was voluntary and without the knowledge of the creditors, and before assent had been expressed or any rights acquired; new deeds had been made materially varying the trust, and in fact in substance revoking the first deed. The case of *Garrard vs. Lord Lauderdale* 3 *Simons* 1 may be distinguished from the case under consideration. It was an indenture of three parts, the grantor, the trustees and the creditors. The creditors had not executed the deed, and before the bill in that case was filed or any assent expressed, a different disposition had been made of the property, and the assignment in fact revoked. Some other cases have been referred to to sustain this proposition.

On the other hand the cases are numerous, affirming a contrary doctrine, or if not directly adverse, at least difficult to be reconciled with the cases before referred to.

In Cumberland vs. Coddington 3 *J. C. R.* 261, it is said that where a trust was created for the benefit of a third person, he may affirm the

trust and enforce its execution. It has also been held that when the deed of trust is absolute in its terms, the assent of the creditors is not re- quired, that the relation of trustee and *cestui que trust* was at once constituted so that the assignor could not recall the deed. *Ellison vs. Ellison,* 6 *Vesey,* 656. Many other cases may be referred to sustaining this ground. Without undertaking to reconcile the cases of Walwyn vs. Coutts, and Garrard vs. Lord Lauderdale, with the cases last above referred to, (and it seems to me it would be difficult entirely to do so ;) it is sufficient to say that those cases differed in many essential particulars from the other class of cases and also from the one under consideration.

The deed in this case is absolute in its terms ; no assent of the creditors is required. Desnoyer, the assignee, positively and express- ly accepted the trust. The property is in fact dedicated to the pay- ment of the debts of these, among other creditors. Before filing the bill a portion of the creditors require the trustee to proceed in the execution of the trust, which he declines to do. The deed of trust is not revoked. No step of that kind is taken or intimated. The creditors find themselves estopped by this deed from collecting their debts by the ordinary course of proceedings at law, and the proper- ty remains sheltered and locked up in the hands of the assignee.

Under this state of things there can be doubt that it is the duty of the court to enforce the execution of the trust or to set aside the as- signment as intended to hinder and delay creditors. The provisions of the assignment are fair and equitable and such as there can be no objection to carrying into effect.

I am disposed to take the ground that where the conveyance is ab- solute, vesting the property in the assignee, as in this case, no express assent of the *cestuis que trust* is required—and while the property re- mains unchanged, the *cestuis que trast* although the instrument, was made without their concurrence, may require and coerce the execu- tion of the trust. I am inclined to the opinion that the relation of trustee and *cestuis que trust* was constituted at once on the execution of the deed and that it could not afterwards have been revoked or varied except upon the expressed dissent of the *cestuis que trust.*

As to whether the trustee shall be required to proceed and execute

First Circuit.

Suydam.
*vs.*
Dequindre.

the trust, or a receiver be appointed I have had some hesitation, but as it it seems that the trustee on being required refused to proceed in the execution of the trust, and states that he accepted the trust only on condition that he should not be required to devote his personal attention to this business, it will be necessary that a receiver should be appointed over whom the court can exercise a direct control.

I shall at present limit the order to the appointment of a receiver to receive the rents and profits of the assigned property, and as the amount of debt has not been precisely ascertained, it will be necessary that a reference should be made to ascertain the amount still unpaid. And as it cannot now be ascertained how much of this property it will be necessary to sell, the directions as to the amount to be sold and the manner in which it shall be sold will be reserved until the coming in of the report.

Order accordingly.