Small v. Ludlow.

WILSON SMALL *v.* PETER G. LUDLOW AND GEORGE WHITE-
FIELD.

Assignees in trust for the benefit of creditors cannot assign a claim due to them, as trustees, to a third person to collect the claim, and appropriate the proceeds in accordance with the provisions of the original assignment. The assignment devolves a personal trust upon the assignees which they cannot thus delegate to others.

Small v. Ludlow.

Nor does it help such an assignment that the *cestui que trusts*, under the original assignment, who will, probably, absorb the entire proceeds, have joined in the assignment of the claim, and assented thereto, unless all the creditors of the original debtor have joined therein. When a debtor assigns property for the benefit of his creditors, they are all interested in the estate thus appropriated, and no diversion can be made of the trusts thus created, nor any delegation of any power conferred, without their assent, or the sanction of some tribunal possessing the power to allow such diversion or transfer.

APPEAL by plaintiffs from an order at special term sustaining a demurrer to complaint. The facts sufficiently appear in the opinion of the court.

*A. C. Morris*, for the appellant.

*Augustus Schell*, for the respondents.

BRADY, J.—Patrick McAuliff assigned to Wm. H. Merrill, Jr., and Thomas Pearson, all his right, title and interest, in and to a building on Fifty-first street, the materials composing the same, and all other materials and property upon the lot on which such building, partially finished, had been erected, and either attached to the same, or lying loose thereon; and also his right and interest in and to the privilege of removing said materials granted to him by the school officers, who are mentioned in the assignment as having made a contract with him in relation to the erection of such building; in trust, however, to remove the said materials with all convenient speed, and to sell and dispose of the same without unreasonable delay, and the proceeds thereof, after deducting the costs and expenses of said removal and sale, and all other expenses necessarily incurred in and about the same, to appropriate to the payment of the debts of the assignor, and in the order in which they stood in schedule " A," and the surplus, if any, to other debts. Pearson and Merrill afterwards agreed with the defendants to relinquish all their right and interest to the building and materials, upon certain conditions; and the defendants were to pay for the same the sum of $1,100.

The defendants took possession of the building and materials, and used them for their own purposes, and under and in pursuance of such agreement. Pearson and Merrill subsequently, and on the 28th June, 1855, by deed of assignment, under their hands and seals, duly executed, assigned and transferred to the plaintiffs all their *claims as trustees* against the defendants, *in trust*, to receive what might be due from said defendants, and *to appropriate the same in the manner provided for in the assignment from McAuliff to them*, and to which assignment Patrick McAuliff, John McAuliff, Timothy McAuliff and Candee, Merrill & Co. assented. These facts are gathered from the complaint, in which it is also alleged that these persons so assenting are the only *other* persons interested in said claim. It appears, however, by the assignment of McAuliff, which is made a part of the complaint, that John Quinn, Thomas Quinn and Thomas Grogan are creditors in schedule " A," to be paid in the order in which they stand, out of the proceeds of the sale of the assigned property.

The defendants demur to the complaint upon two grounds : 1st. That there is a defect of parties, plaintiff and defendants; because it appears that the right of action, if any, is in Pearson and Merrill, assignees of McAuliff, who should have been made parties instead of the plaintiff; because the assignment was made by Pearson and Merrill without consideration or authority, and transferred no interest or right of action to the plaintiff, and because other persons are interested in the subject matter who are not made parties plaintiffs or defendants.

2d. Because the complaint does not state facts sufficient to constitute a cause of action.

Judge Ingraham, at special term, held the demurrer to have been well interposed, upon the ground that Pearson and Merrill, being trustees, and having only limited power conferred by the assignment, had no authority to substitute other trustees without the consent of all the parties in interest. It will be perceived that the trust was to sell the property after collecting it, and to appropriate the proceeds to the payment of the debts

designated in the order in which they were arranged, and the surplus, if any, *to all other debts of the assignor.* The assignees sold the property to the defendants on a credit, in violation of law (Burrill on Assignments, pages 452, 453, and cases cited), and then again assigned the claim created by such sale to the plaintiff, *in trust, to apply it as they were required to appropriate it under the assignment to them.* It does not matter what is admitted by the demurrer, if, on consideration of all the facts divulged by the complaint and oyer, it appears that no right of action existed in the plaintiff. The authority to apply the amount of the claim is an express delegation of the power to appropriate given by the original assignment, which was a personal trust and confidence, and could not be delegated. Hill on Trustees, 178 *et seq.* The assignment executed by Pearson and Merrill was, in fact, nothing more than a delegation of power. It was not a sale of the claim, but an authority to collect and apply it, and, being void, conferred no interest in, or authority over the claim. It is said that, where a deed expressly directs the assignee to sell by public auction, the trustee is bound to conform to that mode of sale, and cannot adopt any other, although by so doing he may, in reality, promote the interests of those for whom he acts, and that he must, in general, follow the provision of the trust deed. Burrill, *supra ;* 7 Paige, 37, 38 ; 1 Peters, 38 ; and in *Hawley* v. *James,* 5 Paige, 318, 323, 487, it is said by Chancellor Walworth, that trustees with *discretionary power* may entrust an agent with authority to make conditional sales of lands, lying *at a distance from the residence of the trustees,* subject to a ratification of such trustees or any two of them. There is no reason why he should, after the sale of distant property, however, delegate the authority to appropriate the proceeds. That is *his duty,* to be done within a reasonable time, and in the manner directed by the deed. It is no answer to this view that the assignor and the *cestui que trusts,* who will, probably, engross the whole of the proceeds, have united in the transfer, because the assignment is in trust for all the creditors of the debtor, and who thus acquire an inchoate interest in the estate

which is transferred for their benefit, whether it ever become absolute or not. It might appear, too, on a careful execution of the trust by the assignees, that debts to be paid in priority to those of John and Thomas Quinn, and Thomas Grogan, were not, in fact, due, and they, in that event, would become entitled to their respective debts. At all events, it seem very clear to my mind, that when a debtor assigns property for the benefit of his creditors, they are all interested in the estate thus appropriated, and that no diversion can be made of the trusts created, and no delegation of any power conferred be made, without their assent or the sanction of some tribunal gifted with power to allow such diversion or transfer. On the grounds, therefore, assumed by Judge Ingraham, I think the demurrer was well-pleaded, and that the order of the special term should be affirmed.

Order affirmed.