In the Matter of the Assignment of CLEMENT T. PETCHELL *et al.* to JOHN W. NUTT for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided January 16th, 1882.)

If an assignee for the benefit of creditors carries on the business conducted by the assignor before the assignment, he is personally liable for any loss caused thereby, and the expenses incurred by him in so doing will not be allowed in his account.

APPLICATION to confirm the report of a referee upon an accounting by an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

VAN HOESEN, J.—The assignee was not acting in the line of his duty when he borrowed money, hired clerks, hired shops, and bought goods for the purpose of carrying on the business which the assignor had formerly conducted. All the

Matter of Petchell.

purchases and the profits or the losses which resulted from them are to be thrown out of consideration in making up the account. The assignee cannot engage in business at the risk of the estate. If he uses the money of the estate in his business he is liable to the same penalties that are inflicted upon other trustees who use trust funds for their private benefit. If they embark in speculation with the trust funds, the risk is theirs exclusively.

In this case I cannot determine upon the evidence before me whether the estate has suffered or not by the assignee's proceedings. If no loss has occurred, the creditors have sustained no pecuniary damage, and in settling the accounts of the assignee there will be no question as to the manner of protecting their interests. There may, however, have been a loss to the estate from the business which the assignee carried on, and if such should be the case the assignor must make it good. The keeping open of the old store, the hiring of the new store, the employment of three clerks, and the other expenses of carrying on the business, were all uncalled for, unnecessary, and entered into for the benefit of the assignors, whom the assignee sought to provide for at the expense of the estate.

I think that the true way of adjusting these accounts is to throw out of consideration the purchases made by the assignee, but to charge him interest on the money which he used belonging to the estate; to throw out of consideration the outlays for shop hire, clerk hire, and the other expenses of keeping the shops; to charge him with the property assigned to him except such as he could not with reasonable diligence get in and collect; and to credit him only with those expenditures that were made with a view to the winding up of the business and the execution of the trust.

He must show why he has not collected the book accounts now unpaid. If those accounts were created whilst he was assignee he must make them good, for he had no right to sell on credit.

The assignee had no right to pay for the execution of the assignment. That is no part of the duty of executing the trust. The only lawyers' charges that he can lawfully pay

Matter of Jeselson.

are for assistance rendered him by an attorney or by coun-sel in defending the trust or in executing its provisions.

I shall send this account back to the referee that he may re-settle it in conformity with these suggestions. In short, let him see to it that the assigned estate is accounted for, not the business which the assignee conducted after he became assignee.

The expenses of the accounting first had must be borne by the assignee personally, and in the order sending the account back let a provision be inserted to the effect that the assignee be not allowed for the expenses of counsel or of referee at the hearings already had before the referee.

Report referred back.