(32 Misc. Rep. 56.)

### In re RIPSOM & NEWLAND FUR CO.

(Supreme Court, Special Term, New York County. June, 1900.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—ASSIGNEES—MANAGEMENT OF ESTATE—REFERENCE.

Where an assignee delayed in the disposition of the assigned property, and sold much of it in bulk and on credit, contrary to the terms of the assignment, it was incumbent on him, on a taking of his account by a referee, to show by sufficient proof the propriety of his methods.

2. SAME—ACCOUNT OF ASSIGNEE.

Where an assignee delayed the sale of the assigned property, and sold considerable of it in bulk and on credit, contrary to the terms of the assignment, and on the hearing before a referee testified that his conduct was owing to advice of officers of the assignor and other dealers in such property, with whom he had frequently consulted, but did not produce

66 N.Y.S.—8

proof of such facts, the court, in view of the fact that the schedules of the assigned estate were prepared, not by the assignee, but by the assignor, and that there was some evidence that all of the loss with which the assignee was sought to be charged should not be charged against him, could not state the account of the assignee so as to charge him with the value of the property sold contrary to the terms of the assignment.

**3. SAME.**

It was incumbent on the assignee, to whose account exceptions were taken for certain expenditures, to establish the reasonableness and necessity of such expenditures.

**4. SAME—NOTICE OF OBJECTIONS.**

On a motion to confirm the report of the referee appointed to take the account of the assignee, to which there were exceptions, where the record did not disclose the service of any notice of objections to an allowance of the claims of certain creditors on such creditors, such claims could not be disallowed.

**5. SAME.**

Where, on motion to confirm the report of a referee appointed to take an account of an assignee, the record recites that there was to be filed an affidavit concerning the payment of a certain claim, which affidavit was to be accepted with like effect as if the creditor had been personally present and testified as to the claim, and the record discloses the presentation of no such affidavit, and there is none among the papers presented to the court, such claim could not be allowed.

**6. SAME—MISTAKE IN ACCOUNT.**

On an application to confirm the report of a referee appointed to take and state the account of an assignee, objection to a claim should be sustained where it is evident that the insertion of the name of such creditor among the list of those found entitled to share in the distribution of the estate by the referee was an error, and due to the fact that he had overlooked the withdrawal of the claim by the creditor.

**7. SAME—PREFERENCE OF PERSONAL TAXES.**

In distribution of insolvent estates, a claim for personal taxes due by the assignor, with interest, is entitled to preference before all others, after payment of costs and expenses.

**8. SAME—PREFERENCES.**

Where it appears that certain claimants were not employés of assignor at the time of the assignment, but were independent contractors, not subject to the control of the assignor, an allowance of their claim as a preference should be disallowed.

**9. SAME—COMPLIANCE WITH RULES.**

Where, on application to confirm the report of a referee, there is no recital in the report or proof in the testimony of a compliance with rule 3 of the First department, requiring a notice to present claims to the referee to be sent to all the creditors on the books of the assignor, the report should be referred back to the referee to take proof and report in a proper manner.

**10. SAME—REFERENCE FOR ACCOUNT.**

Where the report is referred back to the referee to take proof and report on incompleted matters to facilitate the completion of the hearings at the least possible expense, the contesting creditors, not having filed sufficiently specific objections to the assignee's methods, should, before the hearing, file definite objections to the items of the account which are contested, stating the grounds of objection, and definite objections to items which the assignee seeks to have allowed as credits.

In the matter of the Ripsom & Newland Fur Company exceptions were filed to the report of the referee appointed to take and state the account of an assignee, and an application for the confirmation of the referee's report was made. Proceedings reviewed, and report referred back to referee for further hearing and report.

Walter J. Rosenstein (Robert Weil, of counsel), for contesting creditors.

Paul R. Towne, for assignee.

FITZGERALD, J.    There is presented to the court in this proceeding application for the confirmation of the referee's report taking and stating the account of the assignee, either as filed or as modified by the exceptions filed thereto by the various contesting creditors interested in the assigned estate.    The most important of the exceptions filed to the report of the referee, and by which that report is sought to be modified, contain objections to all that portion of the referee's report which mathematically takes and states the account of the assignee, recites the figures with which he should be charged and credited, and reports the balance to be distributed among the creditors, and also to that portion of the report which allows the assignee the expenditures recited in the schedule of his account as proper, reasonable, and necessary in the administration of the trust, less certain payments made by him to certain creditors on account of their alleged claims.    The exceptions further object to the allowance by the referee of a preference to the claim of the city of New York for arrears of personal taxes, and of certain other claims presented to the assignee as general claims against the assigned estate.    The exceptions filed to the confirmation of the report are largely a repetition of the objections filed to the account of the assignee, and tried before the referee.    Those objections went generally to the administration of the trust by the assignee, and brought in issue generally the question of the exercise of due diligence by the assignee in collecting all the assets of the assigned estate, in procuring the reasonable value of the assets thereof by the proper sale and disposition of the same, and also questioned the fact of the incurring of the expenditures recited in the schedules of the account, and of the necessity, reasonableness, and propriety of the same, and finally objected to the allowance and right to share in the distribution of the assigned estate, of the claims of the creditors above referred to.    Upon these general objections, and in answer thereto, the only testimony offered before the referee consisted of the general statements by the assignee, contained in paragraph 2 of the testimony, that the account correctly sets forth all the receipts and disbursements received and made by him, and all the proceedings in the administration of his trust, and contains no errors or omissions other than an unimportant one recited in said portion of the testimony. This mere general testimony to the accuracy of the statements of the account, and of the reasonableness, necessity, and propriety of the expenditures recited therein, is little more in fact than a mere verbal repetition of the written affidavits attached to the account itself, and was amplified and detailed only by the additional testimony brought forth upon the cross-examination of the assignee by the contesting creditors.    By this testimony it must appear that the assignee did not sustain the burden of proof which is imposed upon him by the rules of this court (rule 6, subd. 27, First Dept.), stating that the affirmative on the accounting lies with him.    It clearly appears that for a long time subsequent to the execution of the deed of assignment of

all of the assigned property to the assignee the goods were in the assignee's possession, and had not been sold by him in accordance with the directions of the express trust contained in the deed of assignment. It furthermore appears that, contrary to the general rule expressed in Levy's Accounting, 1 Abb. N. C. 177, 181, in Burdick v. Post, 12 Barb. 168, 184, and in Re Petchell, 10 Daly, 102, the assignee, long subsequent to the execution of the assignment, sold to certain parties in bulk property of the assigned estate upon credit. It is true that in explanation thereof it is explained by the assignee that the goods of the assigned estate were scattered in different parts of the country; that they were in such condition as to necessitate extensive repairs thereon for the purpose of making them salable; and that he was guided in his delay of said sale, in his manner of disposing of the property, and in making repairs thereon by the advice of the officers of the assignor and of other dealers in the said property, with whom he frequently consulted. The obligation of an assignee with respect of making a sale of the assigned property was long since expressed in Hart v. Crane, 7 Paige, 37, and in Hodge v. Newton, 13 N. Y. St. Rep. 140, the result of which decisions is to make it incumbent upon the assignee where, perhaps, the necessities of the case compel a departure by the assignee from the expressed directions of the trust, in making a sale of the assigned property, to show by proper and sufficient proof the propriety of his delay and methods in disposing of the property of the assigned estate by showing that such delay and methods were necessary and proper for the benefit of the trust. See, also, In re Rice, 10 Daly, 1; In re Rauth, Id. 52; In re Marklin, Id. 123. The assignee here did not produce such proof on his direct examination in answer to the objections of the contesting creditors, nor does it sufficiently or affirmatively appear from his cross-examination. The persons from whom the advice was obtained by him were neither named nor produced. There was no explicit statement of facts showing the condition of the goods that necessitated delaying the sale and the making of extensive repairs, and, though the officers of the assignors, by whose advice the assignee was, according to his own testimony, frequently guided, appeared in support of their own claims, yet they were not called or sworn to substantiate the statements of the assignee, as they might easily have been. On the other hand, it is impossible for the court, upon this motion, in view of the fact that the schedules of the assigned estate were prepared, not by the assignee, but by the assignor, and in view of the fact that there is some small evidence in the case to establish the fact that all of the loss with which the assignee is sought to be charged should not be chargeable against him, to take and state definitely the account of the assignee, in accordance with the authorities above cited. The same consideration applies to the objection to the expenditures incurred by the assignee and recited in his account. The objections to the same as presented before the referee were quite general in character, yet it was incumbent upon the assignee, in view of the said objections, to establish the fact, and the reasonableness, the propriety, and the necessity of such expenditures by competent and sufficient proof. Dorney v. Thacher, 76 Hun, 361, 27 N. Y. Supp. 787.

The creditors excepting to the report seek to have all of the said expenditures, as recited in said account, entirely disallowed, and to surcharge the assignee with the amount thereof. Such a course would be manifestly unjust, as it is evident that there are numerous of the expenditures recited in the said account which are properly chargeable against the funds of the assigned estate by the assignee as proper, reasonable, and necessary disbursements in the administration of the trust. It is, therefore, impossible for the court to select from the recitals in said schedule of the account, and also in the absence of evidence, to determine upon this motion the items of expenditure which are justified and should be allowed. With reference to the allowance of the claims of George P. Johnson, Brainerd & Armstrong, and Robert Zinober, as found by the referee, and exceptions to which are made by the objecting creditors, it is impossible for the court to decide. It is improper to allow the said claims in view of the objections thereto made and filed by the contesting creditors; and it is impossible to disallow the said claims upon this motion because of the failure of the record to disclose the service of any notice of said objections upon the said creditors, and of any opportunity afforded them to prove their claims in the ordinary manner. Until the said claimants have been served with notice of said objections, and are afforded the opportunity to establish their rights as creditors of the assigned estate, and until the record discloses a legal trial of said claims, it is impossible and improper for the court to pass upon the same. The same considerations apply partially to the claim of Louis M. Jones, with reference to which the record recites that an affidavit concerning the payment of rent would be filed with the referee, and accepted with the like force and effect as if the said creditor had been personally present, and testified to said facts. The record subsequently discloses the presentation of no such affidavit, nor does one appear among the papers presented to the court. Furthermore, in view of the referee's finding that the assignors were liable for the actual value of their use and occupation of the premises demised by the said claimant, it must be said that it was incumbent upon said claimant, who sought to share in the distribution of the assigned estate as a creditor for said use and occupation of his premises, to establish the proper and reasonable rental value thereof. Objections to the allowance of the claim of the Clinton Bank should be and are hereby sustained, as it is evident that the insertion of the name of the said creditor among the list of those found entitled to share in the distribution of the estate by the referee was an error, and due to the fact that he had overlooked the withdrawal of said claim by the said creditor. Exceptions to the allowance of a preference to the claim of the city of New York for personal taxes should be and are hereby overruled. See In re Donaldson, 27 Misc. Rep. 745, 59 N. Y. Supp. 656, and cases there cited. The exceptions to that portion of the report of the referee which refuses to allow a preference to the claim of Kriegel & Bassevitch should be and are hereby sustained. It clearly appears upon the testimony that the said claimants were not employés of the assignor at the time of the assignment, and that their claim against the assigned estate was not for wages or salary actually owing

to them at that time. It appears that at that time, as a partnership, they were independent contractors, and performed for the assignor ordinary work, labor, and services upon materials furnished them by the assignor; that in the performance of said work, labor, and services they supplied many of the incidental and necessary materials; that their time and manner of operation were in no way subject to the control or direction of the assignor, and that their claim consequently was purely one for work, labor, and services upon materials furnished by the assignor, and to be performed to its satisfaction. For these reasons the claim for a preference of the indebtedness of the assignor to said claimants should be and is hereby disallowed, and the payments made by the assignee to said claimants should be and are hereby disallowed, except in so far as they might be credited to him on payments to be made to the said claimants as general creditors of the assigned estate in the distribution thereof. The computations of the referee in taking and stating the account are slightly erroneous. There is no recital in the report or proof in the testimony of a compliance with rule 3 of the First department, requiring the notice to present claims to the referee to be sent to all the creditors upon the books of the assignor. For these reasons the report must be referred back to the referee to take proof and report upon the uncompleted matters above referred to in accordance with the above instructions. To facilitate the completion of the hearings at the smallest possible expense, the contesting creditors should, before the hearing, file specific and definite objections to the items of the account which are contested, stating the grounds of said objection, and also the specific and definite objections to the items of the account which the assignee seeks to have allowed as credits. This will narrow the issue, and in accordance with the proof given thereon and the determination of the referee it will be easy for the court to determine the justice and fairness of the account and the proposed objections, and, consequently, the liability of either the assignee or contesting creditors to bear the expenses of the additional proceedings.

Ordered accordingly.