### ROGERS & SAGARY vs. DE FOREST and others.

An express power to sell on credit, contained in an assignment to trustees to sell the assigned property for the payment of debts, does not render the trust invalid, under the provisions of the revised statutes relative to uses and trusts ; neither does it render the assignment fraudulent and void as against the creditors of the assignor.

But an express trust to lease or mortgage the estate assigned for the benefit of creditors, is not authorized by the revised statutes ; and where the estate is assigned to the trustee upon such an unauthorized trust, no estate whatever vests in the trustee under the assignment.

An assignment of different kinds of property in trust may be valid in respect to some portions of the property and invalid as to other parts thereof. But whenever the legal effect of any provision of the assignment is to defraud the creditors of the assignor, the whole assignment is void.

December 4.

THIS was an application on the part of the complainants, in a creditors' bill, for the appointment of a receiver ; not only as to De Forest and T. Darling, the judgment debtors, but also as to the defendants L. Kip and J. F. Darling, the assignees of T. Darling. Cross applications were also made on the part of T. Darling, and also on the part of his assignees and of De Forest, to dissolve the injunction.

*F. B. Cutting*, for the complainants.

*S. Stevens*, for the defendants.

THE CHANCELLOR. There is no ground whatever for the dissolution of the injunction, so far as it relates to the judgment debtors. The motions as to them must therefore be denied with costs. So far as relates to them also, and

1838.

Rogers
v.
D3 Forest.

as to any property in their possession or under their power or control, it is a matter of course to appoint a receiver, and to require them to deliver over such property under oath. The fact that a receiver has already been appointed, at the suit of a creditor in another suit, is no answer to the application; as the 193d and the 194th rules have provided for the appointment of the same person as receiver in the subsequent suit, in such a case.

The only objection to the assignment of T. Darling which is deserving of consideration, is the express trust contained therein to mortgage the real estate assigned for the benefit of creditors, if the assignees think proper to do so, instead of selling the same. The express power to sell on credit, is a power which is usually implied in trusts of this description, and it is not a violation of the provisions of the revised statutes relative to uses and trusts. Neither does the creation of such a trust tend in any manner to delay or hinder the creditors of the assignor in the collection of their debts. For if the assignees do their duty, they will not sell the property on credit without obtaining therefor the difference in value between a sale for cash and a sale upon credit. And the creditors, should they think proper to do so, have a right to insist that such securities should be immediately converted into money and applied towards the satisfaction of their respective debts, or as soon as they shall deem it for their interest to have it done. This court, therefore, upon a bill filed by the creditors to carry the trusts of the assignment into execution, could probably obtain the cash value of the assigned property by a sale of such securities, as readily if not more so than if the fund remained in the condition of real estate; particularly if it was property in the country, or unimproved lithographic city lots which would not soon be wanted for building purposes. The bonds and mortgages of responsible purchasers of such property would probably be worth more to capitalists than the land itself; as they would then have the personal responsibility of the purchasers in addition to the security of the land.

But the express trust, which is also contained in this assignment, to mortgage the assigned property for the benefit

of creditors, is a trust prohibited by the article of the revised statutes relative to uses and trusts. Although in some cases of common law trusts, a power to sell real estate for the purpose of raising money thereon might be deemed to include a power to mortgage, which in England was considered as a species of sale as it transferred the legal estate to the mortgagee, it can hardly be considered so here where the mortgage is considered as a mere security for money; so much so, indeed, that a payment of the debt, even after the day of payment is past and without any reconveyance, leaves the legal title in the mortgagor. At all events, the difference in language adopted by the legislature in the first and second subdivisions of the fifty-third section of that article, shows that it could not have been intended by the law-makers that the trust to sell lands, as authorized by the first subdivision, should include a trust to mortgage and lease the same; which by the second subdivision they have expressly authorized to be created for other purposes. If the object of both subdivisions was to authorize a trust of the same character in all respects, then it is impossible to perceive any good reason why one subdivision was not made to embrace the trust to sell, *lease or mortgage* lands, for the benefit of *creditors,* as well as the trust to sell, lease or mortgage the same for the benefit of legatees, or for the purpose of satisfying any charge thereon. It was only necessary in the first case to authorize the creation of a trust to sell; and the legislature probably did not intend to hold out any inducement to a debtor in failing circumstances to place his property beyond the reach of creditors, by creating a trust estate in the hands of his assignee which might delay the collection of their debts. This could not be done by a simple conveyance in trust to sell, although the time of sale should, by the trust deed, be postponed to a distant day; as by the provisions of the 62d section, (1 *R. S.* 727,) the estate in the mean time would remain in the debtor, and could be reached by the executions of his creditors, as a legal estate. But if the conveyance authorized the trustee to lease or to mortgage the estate immediately, the fee would necessarily pass from the debtor at the time of the conveyance, and

1838.

Rogers
v.
De Forest.

the creditor could not sell it on execution against the debtor. In that case, by the provisions of the sixtieth section, the whole estate, legal and equitable, is declared to be in the trustee; so that no execution could reach it, although not mortgaged for its full value, or not leased in fee. In the case of a trust to sell, mortgage or lease lands for the benefit of legatees, or to satisfy a charge thereon, it was necessary to give to the trustee more extensive powers; as it would frequently be necessary, in the case of infant legatees, &c. to give to the trustees a power to accumulate the rents and profits for their benefit, or to apply them to the use of the legatees, whether infants or adults, for their support. But even in the case of trusts to sell or mortgage lands for the benefit of legatees, or to satisfy charges thereon, the legislature has been careful not to vest the legal estate in the trustee, except when it was necessary for him to have such an estate for the purpose of receiving the rents and profits. (1 *R. S.* 727, § 56.) These suggestions also seem to correspond with the views of the revisers, as expressed in their notes upon these sections. Upon the whole, therefore, I am satisfied it was never the intention of the legislature to vest the legal estate in the trustee, under the first subdivision of the fifty-fifth section, for any other purpose than that of an immediate sale for the benefit of creditors; which estate would necessarily carry with it, as an incident to the estate, the power to receive the rents and profits until such time as the trust could be executed by a sale. But it would not authorize the trustee to lease or mortgage the estate, except by a lease thereof at the will of the trustee or until the trust could be executed by a sale, which the creditors might insist upon at once. An express trust, therefore, to lease or mortgage the trust estate for the benefit of creditors, is a trust not authorized by the revised statutes; and the express trust to mortgage the assigned property in this case, being an express trust not authorized by the revised statutes, no estate vested in the trustees by the assignment, according to the positive declaration of the statute itself. (1 *R. S.* 729, § 58.) The legal estate in the assigned property in this case would, therefore, be in the assignor, were it

1838.

Rogers
v.
De Forest.

not for the absolute conveyances of the land executed at the time of the assignment. Those conveyances if considered a part of the assignment convey no title whatever to the trustees, for the reasons before stated ; and if considered as separate and distinct instruments, they are void as against these complainants, being absolute conveyances of the debtors' property without consideration.

In regard to the application for a receiver it is perfectly immaterial whether this assignment can or cannot be sustained as a power in trust ; for if it is good as a power in trust the legal estate is still in the judgment debtor ; and a receiver is necessary to collect and preserve the rents and profits of the premises until the title of the assignor shall be divested by the execution of the power in trust, if that power is valid. Upon that point I give no opinion at the present time, as I wish the benefit of a more full argument of that question at the hearing, before I attempt to decide the same. In the mean time I will endeavor to make such an order in the premises as will not deprive the trustees of any right they may derive from the execution of the power, if it is valid. A receiver must therefore be appointed of the rents and profits of the real estate assigned which is situated within this state, with liberty to lease the premises for terms not exceeding one year. And the tenants must attorn to such receiver and pay over to him the rents already due or to become due from them respectively ; which leases the assignees must give their assent to, if required by the tenants. The assignees must also deliver over to the receiver, on oath before the master, all the monies received by them for the rent of the premises, except such as had been received by the assignor himself before the commencement of this suit ; or which the assignees had paid out in pursuance of the trust before that time. And the receiver must deposit all rents received by him, from time to time, in the trust company, to accumulate until the further order of the court, after deducting his charges and commissions. The reference must be to the same master who appointed the receiver in the case of Selden, if he is still in office.

1838.

Rogers
v.
De Forest.

The injunction must be so far dissolved as to authorize the trustees to sell the real estate, either for cash or on credit upon bonds and mortgages of responsible purchasers, whenever the receiver shall be satisfied that such sales are made for the fair cash or credit value thereof, as the case may be; the purchase money being deposited at the time of such sales in the Trust Company, in the name of the assistant register, to accumulate for the benefit of such persons as may be hereafter adjudged entitled thereto, and subject to the further order of the court. And if the sales are upon credit, the bonds and mortgages must be taken in the name of the assistant register, and deposited with him in the same manner. Should the receiver and the trustees disagree as to what is the fair value of any part of the real estate which the latter may have an opportunity of selling, the master must decide between them; and his decision thereon is to be conclusive, without liberty to either party to except to the same.

Where a deed or instrument is declared void by statute on account of some illegal or fraudulent provision contained therein, all the provisions of such deed or instrument must fall together. But the provisions of the revised statutes which I have been considering do not declare the instrument creating the estate void, so as to render other provisions in the same instrument absolutely inoperative. It is merely declared that where the estate is granted upon an unauthorized trust no estate whatever shall vest in the trustee; and I do not at present see any legal objection to the trust as to the personal property in the hands of the trustees in this case. The injunction, so far as relates to that, is therefore dissolved; but without prejudice to the rights of the complainants, even as to that part of the trust fund, upon the final hearing. The costs upon these cross applications, as between the complainants and the assignees, are not given to either party as against the others.