## BERRY, Assignee, *v.* HAYDEN.

A provision in an assignment for the benefit of creditors, which authorizes the assignee to take possession of the assigned property, and "*sell and dispose of the same upon such terms and conditions, as in his judgment may appear best,*" is not an express authority to sell upon credit, and does not render the assignment void, *per se.*

So, a provision in an assignment for the benefit of creditors, authorizing the assignee to collect the notes, accounts and other demands, or so much thereof as may prove collectable, *and to compound for the said choses in action, taking a part for the whole, when the said assignee shall deem it expedient so to do,* does not render the assignment void.

*Appeal from the Dubuque District Court.*

MONDAY, APRIL 4.

The plaintiff brought replevin against the defendant, to recover possession of certain goods, which the defendant had attached as the property of Alexander & Co. The plaintiff claimed them by virtue of an assignment for the benefit of creditors, made by the firm of Alexander & Co. The defendant, who was the sheriff, and served the process in the suit of certain creditors of Alexander & Co., contests the validity of the assignment. On the trial, the

plaintiff offered the deed in evidence, which was objected to by defendant.

The deed of assignment purports to convey real estate, as well as personal, and was signed by one of the two partners in the name of Alexander & Co. It conveys the property in trust to the plaintiff, and directs him to take possession, and to "sell and dispose of the same, upon such terms and conditions as in his judgment may appear best; and to collect the notes, accounts, and other demands, or so much thereof as may prove collectable, with the right to compound for the said choses in action, taking a part for the whole, when the said trustee shall deem it expedient so to do;" then, in trust to dispose of the proceeds of said property in the manner following: 1. To pay debts entitled to preference by the laws of the United States, or of this state; 2. To pay the costs and charges and expenses of the trust; 3. To distribute and pay the remainder among all the creditors of the parties of the first part, rateably, and in proportion to their respective debts, according to the true intent and meaning of chapter sixty-two of the Code of Iowa; and, 4. Should there be a surplus, after paying all the creditors, then to pay the same to the parties of the first part.

The plaintiff further offered to prove, that the instrument was executed by Alexander, "in good faith, in the absence of his partner, Gates—the actual delivery of the property—and that Alexander & Co. were not the owners of real estate, together with some other matters not necessary to be noticed.

The defendant objected to the admission of the deed of assignment, on the grounds :1. That one partner had not authority to execute such an instrument; 2. That the assignment was void on its face, because it authorized the trustee to sell on credit, and to compound with debtors of Alexander & Co. The record says the court sustained the objection of the defendant, "upon the last point above stated," and refused to permit the deed to be read, and any of the other evidence offered, to be given. And there be-

ing no other evidence offered, the court directed a judgment to be entered in favor of the defendant. The plaintiff excepted, and assigns this ruling as error.

*Burt, Barker & Pierce*, for the appellant.

*Bissell, Mills & Shiras*, for the appellee.

WOODWARD, J.—We desire to confine ourselves to the points decided by the court below, but it is not clear whether that court based its ruling upon one or two grounds, of objection. The second assignment of causes of objection, embraces two grounds—the authority to sell on credit, and that to compound. But immediately following this, the record says the court sustained the objection upon the last point above stated. This, properly, is the power to compound, only. As an error in this, on our part, in looking at but one of the objections, would send the case back, if we should differ from that court, merely to be returned here upon the other question, we shall consider the decision made upon both the causes named in the second head.

The question, then, is whether the assignment is void, as against a dissenting creditor, for giving an authority to sell on credit, and to compound with the debtors of the firm.

In other respects, at least, this instrument seems to fulfill the conditions of a valid assignment, mentioned by SUTHERLAND, J., in *Grover* v. *Wakeman*, 11 Wend., 187, namely, the conveyance of the property, absolutely, for the payment of creditors, unconditionally; and it is for the payment of all the creditors, rateably, as required by chapter 62 of the Code.

On the question whether an expressed authority to sell on credit, will render the assignment void, there has been a difference of view in the States. In Alabama, it was recently held that it does not have that effect. *Abercrombie* v. *Bradford*, 16 Ala., 560. And in a preceding case

in the same state, it was even held necessary; and it was said, that the power to sell for cash, or on credit, did not differ, in legal effect, from one to sell on such terms as the assignee may deem expedient. *Ashurst* v. *Martin*, 9 Porter, 566.   In New York, it was for some time, and in several cases, held unobjectionable, and in many instances beneficial, and even necessary to the due execution of the trust. *Rogers* v. *De Forest*, 7 Paige, 272; *Nicholson* v. *Leavitt*, 4 Sandf., 252.   But, at length, after much discussion, it was settled in New York, on appeal, in the last case named, that an expressed power to sell on credit, rendered the deed invalid. *Barney* v. *Griffin*, 2 Comst., 365. This power is sustained in England, where we should suppose assignments would be regarded with even more suspicion than in this country. *James* v. *Whitbread*, 5 Eng. Law & Eq., 431; 20 Law J. Rep., 217.   And the same view of it is expressed in the books of forms by recognized writers.   Curtis' Conveyance, 44; Angell on Ass., app., 216; Burrill on Ass., 196 to 206.

But it is only when the power is expressly given, that it has been held fatal.   It seems to be usual to confer some discretionary authority upon assignees; as, "to sell in such manner as they may consider expedient, and most for the interest of all parties." *Hart* v. *Crane*, 7 Paige, 37; *Brock* v. *Headen*, 13 Ala., 370; *Neally* v. *Ambrose*, 21 Pick., 185; *Hopkins* v. *Ray*, 1 Met., 79.   So, also, " to sell upon such terms as they think most expedient."    The circumstance that a general authority, may embrace within the range of its terms, something which is not permissible, will not be considered fatal to it—the question being, not whether fraud may be committed by the assignee under the authority given, but whether the provisions of the assignment are such, that, when executed in their fair and reasonable sense and intendment, they will be fraudulent in their operation. *Ward* v. *Tingley*, 4 Sandf. Ch., 476; Burrill on Ass., 399, 402.

The leading consideration seems to be, not whether the assignee can do a wrong under the power conferred, but

whether the assignor intended it.   And this is probably the ground upon which a difference has been held, between the case where the grant of the power is express, and that where it is involved in a more general, and a lawful, grant of authority.   In this view, it is worthy of notice, that whilst it is held in New York, that the authority in question cannot be given expressly, in the same state it has been considered dangerous to prohibit it, as, in connection with other circumstances, it might be evidence to show that a forced sale was intended, to the injury of creditors. *Van Rosseau* v. *Walker*, 11 Barb., 237.

The provision in the present case, to sell upon such terms and conditions as in his judgment may appear best, does not seem to go beyond those which are recognized and sustained in the books and cases above referred to, so that, without undertaking to determine the controversy whether such a power, expressly given, would render the instrument void, we may safely hold that this general gift of discretion, will not, *per se*, have this effect.

The other question is, whether the power to compound with debtors, renders the instrument invalid.   The fact that little or nothing is found in the books upon this subject, is an argument in its favor.   Even a professed treatise upon assignments, does not allude to this question. The doctrine that the assignor may not give authority to compound with creditors, may have led the minds of some to draw the same conclusion in regard to a composition with debtors.   But the two cases do not stand upon the same or similar reasons.   In relation to creditors, it was considered that the effect of the provision would be, to perpetuate the right of giving preferences, by vesting in the assignees an arbitrary power in relation to the several classes of creditors, and of compounding with any one upon such terms as they may think proper.   *Wakeman* v. *Grover*, 4 Paige, 41, and same case in 11 Wend., 393.

But no such reasoning can exist in relation to the compounding with the debtors.   And probably the authority is no more than the law would give; and to deny it would

have the tendency to compel the trustee into useless suits and litigation, which would serve no good purpose, but would consume the funds in his hands. No case has come within our observation which holds it objectionable, and being able to perceive no reason against it ourselves, we are of the opinion that the court erred in the decision made upon it.

The judgment is reversed, and the cause remanded.