Wooster, Templin & Co. v. Stanfield and Brobst and French, Garnishees.

1. General assignment for the benefit of creditors.  A general assignment, made *bona fide* for the benefit of creditors, under the laws

of the State, will not be declared void for a failure to make an inventory of the assets and liabilities as required by the first section of the Act of 27th January, 1857, to amend chapter 62 of the Code of 1851, nor for any laches or malfeasance of the assignee.

2. SAME: WHO MAY ACT AS ASSIGNEES. A creditor or joint debtor of assignor may act as assignee.

3. SAME: DIRECTIONS. A clause in a deed of assignment, directing the sale of the assigned property "when convenient, and as soon as it can be done without material sacrifice," is not a badge of fraud, and does not operate to render the assignment void.

4. SAME. A general assignment will be declared void when made for the purpose of hindering, delaying or defrauding creditors.

*Appeal from Marion District Court.*

SATURDAY, OCTOBER 6.

LOWE, C. J.—On the 2d day of October, 1857, plaintiffs obtained a judgment against defendant, Stanfield, for the sum of $427,86. On the 16th and 27th of November following, Brobst and French were garnished upon an execution issued on said judgment. The substance of French's answer was, that he and defendant Stanfield had in May, 1857, jointly purchased of one Brobst, blocks 20 and 40 and lots 1, 2, 3, 4, 5 and 6 in block 19 in the city of Knoxville, for $2500; that the deed was made to him for the whole of the property, with the understanding that he should convey to Stanfield one undivided half thereof, when he, Stanfield, should pay his full proportion of the purchase money; that prior to the 17th of August, 1857, Stanfield had paid his part of the purchase money except $109,39, which, on the 1st of October, 1857, was paid by Brobst, his assignee, and that he still held in trust the one half of said property for Stanfield, his assignee, &c.

Brobst answered that he owed Stanfield nothing; had none of his property, rights or credits in his possession, and knew of none such in the possession of others; but stated that Stanfield, on the 17th of August, 1857, had made an assignment to him (filing a copy of the same with his answer) conveying

all his property, rights and credits of every description, in trust, for the benefit of all his creditors. He further states, no schedule of the debts or property was annexed to said assignment; that he had executed no bond; was Stanfield's clerk at the time; had been his partner seven months before for the space of two months; that he was receiving one third of the profits for his services as clerk; that Stanfield owed him $300; that he was jointly liable with Stanfield for $525, and his security for $700 more. When the garnishment was served upon him he had $550 as the proceeds of the assigned property, since which he had received some $800; and had in his possession at the time he made his answer, the sum of $300, which he held for the benefit of the creditors under the assignment.

The plaintiffs undertook to controvert these answers by replying, in substance: 1st. That they did owe the defendant. 2d. That they had in their possession property of the defendant. 3d. That the assignment was fraudulent and designed to delay creditors. 4th. That there was no schedule of the property or debts annexed or bond given. 5th. That assignee had been a partner, was jointly indebted with the assignor, was his security as well as his creditor. 6th. That the assignee had abused his trust and used it for his own private purposes. 7th. That the assignment to plaintiffs was void and inoperative as respects the money found in the hands of the assignee at the time he was garnished. 8th. That the assignment was not properly made, and he had no notice of the same when the garnishment was sued out, &c.

To all the specifications in this replication, except the first three, the garnishees filed a demurrer, which, upon hearing, was sustained by the court. The plaintiffs, standing upon this ruling of the court, have appealed; the only question presented by the record for our decision, is, whether the facts set out in the fourth to the eighth paragraph inclusive in the replication being admitted as true, do not so vitiate and render fraudulent in law the assignment, as to make the

garnishees liable for the property and money found in their hands under the same.

On the 27th day of January, 1857, was approved an act to amend Chapter 62 of the Code, and to close up assignments for the benefit of creditors. It was under this act, in August following its passage, that Stanfield made his assignment. The object of this statute was to uphold and carry out, under the immediate orders and supervision of the District Court, according to their reasonable intent, the provisions of every assignment, the legal effect of which *shall not* be fraudulent in its operation, or materially delay and hinder creditors.

It not only defines the duties of the assignee, but places him and all the assigned property and effects, under the immediate control and direction of the District Court of his county; and it also provides, among other things, that no assignment shall be declared fraudulent and void for the want of any inventory of property or credits, as provided in the first section thereof. It also contains provisions to the effect that if the assignee shall fail to give bond within the time prescribed by law, or shall neglect his duties, or abuse his trust, he may be removed, and a more faithful and competent assignee appointed by the court, but no laches or malfeasance of his shall be permitted to vitiate an assignment that is otherwise regular and *bona fide*. Then why should the issue controverting the answers of the garnishees be encumbered with such allegations? If true, they furnish no reason for overturning the assignment. But it is said that the assignee in this case was a creditor of, and a joint debtor with the assignee.

These facts, if true, do not constitute a disqualification under our statutes of assignments, nor under the doctrine of assignments laid down in the excellent work of Burrill.

Again, the plaintiffs allege in their replication to the answer of the garnishees, that the assignment was not recorded in the particular book required by law, referring to

the act of the legislature which requires that all deeds of lots in towns and villages should be recorded in books separate and distinct from conveyances of other descriptions of real estate. But this is not an instrument of that kind, besides the statute of assignments says that they shall be duly acknowledged and recorded in the county where the person making the same resides, and this was done. The assignment in this case seems to be regular and fair upon its face, and duly executed, but it contains a statement that the assignee should proceed to sell the property when convenient and as soon as it can be done without material sacrifice. This, by counsel for plaintiffs, is regarded a conclusive badge of fraud, and should *per se* vitiate the assignment, as showing that the object was clearly to hinder and delay creditors. We think it one of those wise cautions, the observance of which would more likely benefit than injure creditors. But then there are two other plain answers to this objection:

*First*, The clause in question contains no reservation of any benefit for the assignor. *Second*, The assignee, at all times is subject to the order of the District Court, and can be compelled to perform his duty at the right time. *Berry*, Assignee, v. *Hayden*, 7 Iowa 469; *Meeker* v. *Sanders*, 6 Iowa 61.

There is no doubt that an intent to defraud, duly established, will avoid an assignment. This the plaintiffs will still have an opportunity of showing under the third specification or issue made by replication, and which is not demurred to. This and the first two issues seem still to be undisposed of, and the cause will be remanded that the plaintiffs, if they desire it, may prosecute the same.

As to the demurrer to the other portions of the replication, we find no error in sustaining it, and therefore affirm the decision of the court below.

Affirmed.