## WILLIAM P. PIERCE *et al.*
### *v.*
## JOHN K. BREWSTER *et al.*

1. ASSIGNMENT *for the benefit of creditors—power in assignee to sell on credit; fraudulent.* If an assignment for the benefit of creditors gives the assignee power to sell the property assigned upon a credit, it will be held fraudulent and void.

2. SAME — *effect of supplemental agreement.* But a subsequent agreement entered into between the assignor and the assignee, declaring that the property mentioned in the original assignment shall not be sold upon a credit, will purge that instrument of the fraudulent feature, and give it the same effect as though such declaration had been originally inserted in it. .

3. SAME — *of the discretion which may be vested in the assignee.* Semble, where the assignment confers upon the assignee power to take possession of the property assigned and to "sell and dispose of the same, either at public or private sale, to such person or persons, for such prices, and on such terms and conditions, as, in his judgment, may appear best, and most for the interest of the parties concerned," it will not be held fraudulent and void as to creditors by reason of the discretionary character of the powers thus conferred.

APPEAL from the Circuit Court of Stephenson County; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

On the 4th day of November, 1857, John K. Brewster made an assignment of his property, for the benefit of creditors, to Daniel S. Brewster and John A. Clark. The peculiar features of the assignment upon which the controversy arises in this case are presented in the following portion of that instrument:

"That the said party of the second part shall take possession of all and singular, the lands, tenements and hereditaments, and all other property hereby assigned, or intended so to be, and sell and dispose of the same, either at public or private sale, to such person or persons, for such prices, and on such terms and conditions, and *either for cash or upon credit*, as, in their judgment, may appear best and most for the interest of the parties concerned."

On the 27th day of January following, the parties amended this assignment by an instrument as follows:

"Whereas, John K. Brewster, on the 4th day of November, 1856, made an assignment of that date to Daniel S. Brewster and John A. Clark for the benefit of creditors, reference to which is hereby had for particulars relative to the same. And whereas, power is given in and by said assignment to said Daniel S. Brewster and John A. Clark to sell certain property therein mentioned, upon a credit, if they shall see fit. And whereas, the said power has not been exercised: Now, therefore, for the purpose of removing any and all objections to said assignment, on account of the said power therein contained, it is hereby agreed that all powers of sale upon credit in said assignment contained, are canceled and annulled, and said assignment shall stand as if no such power was therein contained. _

"In witness whereof, we have hereunto set our hands and seals, this 27th day of January, 1858.

"JOHN K. BREWSTER, [L. S.]
"JOHN A. CLARK, [L. S.]
"DANL. S. BREWSTER, [L. S.]"

After this amendment was made to the original assignment, on the 30th day of April, 1858, William P. Pierce and others exhibited their bill in chancery, in the court below, against

the parties to the assignment together with certain creditors of the assignor, alleging that the complainants had previously obtained a judgment against John K. Brewster, in the Circuit Court of the United States for the Northern District of Illinois, for $594.37, upon which an execution had been issued and returned wholly unsatisfied. The bill set out the original assignment, insisting it was fraudulent and void as to creditors by reason of the character of the powers conferred therein upon the assignees, and asked that it be set aside, and the property applied to the satisfaction of the complainants' judgment.

The defendants set up the amendment to the original assignment, taking away the power in the assignees to sell the property assigned upon a credit, insisting that by the amendment, the assignment was purged of its fraudulent features.

The cause coming on to be heard, the court entered a decree dismissing the bill. From that decree the complainants took this appeal.

The questions presented upon the record, are:

*First.* As to the validity of the assignment in view of the power therein conferred upon the assignees to sell the property assigned, upon a credit.

*Second.* Whether that objection to the assignment was removed by the amendment of 27th January, 1858.

*Third.* As to the validity of the assignment, even conceding that the amendment operated to deprive the assignees of the right to sell upon a credit, in view of the broad discretionary powers still remaining in the assignees, to sell and dispose of the property, " either at public or private sale, to such person or persons, for such prices and on such terms and conditions as, in their judgment, may appear best and most for the interest of the parties concerned."

Messrs. E. S. Smith and E. A. Storrs, for the appellants.

Mr. F. C. Ingalls, for the appellees.

Gentleman *v.* Soule.

Mr. Chief Justice Caton delivered the opinion of the Court:

The question in this case is embraced within a very small compass, and is readily determined by the application of familiar principles of law and practical common sense. The assignment, as originally executed, authorized the assignees to sell the assigned property on a credit. This clause, as we held in *Bowen* v. *Burkhurst,* 24 Ill. 257, gave the assignees too extended a power, which might be used to the prejudice and delay of creditors, and therefore vitiated the assignment. Before the complainants obtained their judgment against the assignor, a subsequent agreement was executed between the assignor and the assignees, by which this obnoxious clause was abrogated, and the power to sell on a credit was annulled. This instrument was supplemental to, and from that moment became a part of the instrument of assignment, and had the same influence upon it as if it had been originally inserted in it. From that moment it was purged of this fraudulent feature. It, in fact, became a new instrument of assignment. Its legal effect was precisely the same as if the assignees had reassigned the property to the assignor, who had then executed a new assignment in the same words of the old, only omitting the objectionable clause, which was by the new instrument abrogated, and practically expunged from the contract. Had there been such reassignment, and then a new assignment, omitting the power to sell on a credit, it is not denied that it would have been valid. The practical result and legal effect are precisely the same now. We agree with the Circuit Court, that the assignment was now good, and must be upheld.

The decree is affirmed.

*Decree affirmed.*