Sperry, Watt & Garver v. Gallaher.

## SPERRY, WATT & GARVER v. GALLAHER.

**Assignment for benefit of creditors:** VOID BECAUSE CONDITIONAL. An assignment for benefit of creditors contained the following clause: "In case that any of my creditors who file claims against my estate, and receive a dividend therefrom, do not receive the full amount due them, then the receipt of any just *pro rata* share of the amount due them shall be deemed a satisfaction of the demand, and so by them accepted." *Held*, that this clause made the assignment conditional, and therefore void, and that the court rightly so held in a garnishment proceeding against the assignee by a creditor who repudiated the assignment, and sought to reach the property in the hands of the assignee for the full satisfaction of his claim. (See cases cited in opinion.)

*Appeal from Greene District Court.*—HON. J. P. CONNER, Judge.

FILED, FEBRUARY 1, 1889.

ON the twenty-second day of February, 1888, the plaintiffs commenced an action against one Speers upon an account for goods sold. An attachment was sued out, and J. A. Gallaher, the appellant, was garnished. Judgment was rendered against Speers, and the answer of appellant garnishee was taken in open court, and, on motion of the plaintiffs, judgment was rendered against him for the amount of the judgment and costs against against Speers. The garnishee appeals.

*Timothy Brown*, for appellant.

*Lehman & Park*, for appellees.

ROTHROCK, J.—It appeared by the answer of the garnishee that on the eighth day of February, 1888, Speers made a general assignment of his property to Gallaher, the garnishee, for the benefit of his creditors. In the examination of the garnishee the assignment was produced. It was claimed by the plaintiffs to be void upon its face, and, as it was conceded that the garnishee was in possession of a large amount of the property of Speers, which he held by virtue of the assignment, it was claimed that judgment should be rendered against the garnishee. The court sustained the claim made by the plaintiffs, and rendered judgment accordingly.

The assignment was general. It embraced all of the debtor's property, except such as was exempt from execution. It was duly acknowledged and recorded, and Gallaher, the assignee, accepted the trust, and was proceeding to carry it out, when he was garnished. The instrument, after providing for the sale of the property under the direction of the district court, and the collection of the assigned accounts and choses in action, made the following provision as to the payment of creditors: "To pay over to my creditors of my estate who have filed and proved their claims as provided by law, and under the direction of the court, a *pro rata* share to each, equal in amount due them, at the same rate per cent., if less than the full sum due to them or each of them. In case that any of my creditors who file claims against my estate, and receive a dividend therefrom, do not receive the full amount due them, then the receipt of any just *pro rata* share of the amount due them shall be deemed a satisfaction of the demand, and so by them accepted." This provision or condition in the assignment plainly requires the creditors who file claims to accept a *pro rata* share of the estate in full satisfaction of their demands. It seems to us it will

bear no other construction. Counsel for appellant contends that the receipt required is not to be in satisfaction of the whole debt, but only as against the assignee. In other words, it is claimed that the receipt in full satisfaction is only in full of the demand against the assignee. The construction contended for leaves out of view the fact that the receipt of a *pro rata* share would be in full of all demands against the assignee. He could not be required to pay out more than he received. If nothing more was intended than a discharge of the assignee, the last provision of the condition that the *pro rata* share of the amount due shall be deemed a satisfaction of the demand would have been wholly unnecessary. By the terms of the assignment the creditors were required, when they received their share of the proceeds of the property, to release or extinguish the balance of the claims against the debtor. This would enable every insolvent debtor to enact a bankrupt-law in his own behalf. That such an assignment is void on its face was held in *Williams v. Gartrell*, 4 G. Greene, 287. It is there held that such an assignment is not unconditional, and that the assent of creditors thereto cannot be presumed. The statute now in force, in reference to presuming the assent of creditors, is not essentially different from what it was when the cited case was determined. See sections 977, 978, Code, 1851, and sections 2115, 2116, Code, 1873. See, also, *Berry v. Hayden*, 7 Iowa, 473. And that such assignments have been held to be void by the courts of last resort in many of the states, see Burrill, Assignm., secs. 192, 193, 196, and authorities there cited.

It is claimed by the appellee that, as the assignee is under the control of the court, the distribution among the creditors may be made by order of the court, and the objectionable feature of the assignment may thus be avoided. But it is very questionable whether the court has the power to change the terms of an assignment. If the plaintiffs in this case had filed their claim, and accepted a *pro rata* share under the assignment, by the very terms of the instrument they would have accepted

the amounts paid them in full satisfaction. It would have amounted to a composition by a debtor with his creditors. As the assignment was void on its face as to those creditors who repudiated it, we think it was competent for the court to so declare upon the answer of the garnishee, by which it clearly appeared that he held the property and estate of the insolvent by no legal right, as against creditors who did not assent to the assignment.

AFFIRMED.