Mr. Justice Morris
delivered the opinion of the Court:
The first of the three provisions to which objection is taken is that the assignee “ shall and do as soon as convenient sell and dispose of all said goods, property and chattels.” It is-argued that thereby the assignee is given power to postpone the sale indefinitely until it should- suit his own convenience to make it, and thereby to hinder and delay the creditors. But this is not the plain and obvious meaning of the provision. That plain and obvious meaning is, that the property should be disposed of by sale without unreasonable delay, and as soon as it should be found fitting and proper so to do. Townsend v. Stearns, 32 N. Y., 216 ; Benedict v. Huntington, 32 N. Y., 221 ; Ogden v. Peters, 21 N. Y., 23 ; Griffin v. Marquardt, 21 N. Y., 121 ; Maennel v. Murdock, 13 Md., 164, 180; Finlay v. Dickerson, 29 Ill., 20 ; Hollister v. Lond, 2 Mich., 321 ; Wooster v. Stanfield, 11 Iowa, 132. The discretion given to the assignee is no more than the reasonable discretion with which the law would invest' him in any event; and that cannot be fraudulent or wrong in an assignment which the law itself would necessarily determine by implication if it were not expressly so provided in the deed.
The second ground of objection in the present instance is-that from the moneys arising from the sale of the property and the collection of the claims and debts due the assignor, the assignee is allowed to deduct his “reasonable costs, charges and expenses, including the necessary attorneys’' fees,” before the payment of the residue to the creditors. And it is argued that it is an improper use, of the trust fund to pay attorneys’ fees -before the claims of creditors are satisfied. In support of the proposition the case of Hayes v. Johnson, 6 D. C., 174, is cited. In that case the provision of the deed of assignment was, that the moneys arising from *147 the sale of the trust estate should “in the first instance be held liable for and be applied to the payment of all expenses attending the execution of the trust, inclusive of counsel fees for prosecuting claims of and defending and resisting claims against the trust estate, and also reasonable commissions to the trustee.” Mr. Justice Olin, who delivered the opinion for the Supreme Court of the District of Columbia in that case, thought that “ the equities of a creditor to a participation in his debtor’s estate were superior to that of the legal profession and the provision in regard to counsel fees was one of several provisions for which the assignment was held to be void. While we see no reason to doubt the correctness of the decision in that case, we do not wish to be understood as yielding our unqualified adhesion to the reasoning of the court upon all the questions involved. It is very true that trust estates should not be wasted in needless litigation, and trustees should not be allowed to antagonize just claims of creditors by the expenditure of money for counsel fees which should properly be devoted to the payment of such claims. But that there may be cases in which it would be the duty, as well as the right, of trustees to protect a trust fund against demands upon it, and for that purpose to employ counsel and pay counsel fees, cannot reasonably be denied. But, however, that may be, the case of Hayes v. Johnson differs very much from that now before us. The provision here is not for the employment of counsel to resist the claims of creditors, but to collect claims due to the estate. If for the collection of the assets of the estate it is necessary to institute legal proceedings and for that purpose to employ counsel and to pay reasonable counsel fees, the assignee or < trustee has the right by law, in the absence of express authority, to do what any reasonably prudent man would do in that regard in his own case, subject of course to review of his conduct by a court of competent jurisdiction. And, as we have said before, with reference to the previous objection, what the law sanctions without express authority from the parties, may certainly be expressly provided for by the *148 parties themselves. Maennel v. Murdock, 13 Md., 180; Hennessy v. Bank, 6 W. & S., 312. We regard this objection to the deed of assignment as untenable as the previous one.
The third ground of objection to the assignment is that.it provides, as is alleged, that the assignee might make compromises with the creditors, and thereby hinder and delay them, and give undue preference to some over others. The clause of the assignment in which it is said that this provision is contained, is the following: “And more effectually to enable the said Samuel Sprigg Belt to carry into effect the purposes of this trust, I, the said William E. Hodge, do hereby nominate and appoint the said Samuel Sprigg Belt my true and lawful attorney to ask, demand, sue for, levy, recover and receive all sums of money to me due; to give acquittances or other sufficient discharge in the law therefor; to make such compromises or other arrangements as he may deem beneficial to his trust; and attorneys one or more under him for the purposes aforesaid to make and constitute, and again at pleasure to revoke, hereby ratifying and confirming all he shall lawfully do in the premises.” And it is sought, in behalf of the appellants, to be shown that the power to make compromises hereby given to the assignee can be construed to include the power to make compromises with the creditors of the assignor, as well as with those indebted to him, and that so construed the assignment would be invalid.
It is sufficient answer to this argument to say that in our opinion the language of the assignment is not reasonably open to any such construction. It would be an unnecessary and gratuitous distortion of the language of the deed so to hold. The whole sentencie plainly has reference only to the collection of the debts due to the assignor, and what the assignee may properly do in the matter of such collection. And here, as well as in regard to the other objections that have been considered, it may be said that the deed of assignment only gives expressly the power which the law would *149 imply in any case. We cannot, with any pretense of reason, segregate the power to make compromises from the context in which the power is properly conferred, and give it a forced application which it does not appear that it was intended to have.
Assignments for the benefit of creditors should be fair and reasonable; otherwise courts will not sustain them. Indeed, it has been said that, wherever there is reason to suspect fraud or unfairness in such assignments, courts of equity will be astute to discover reasons for their overthrow. But fair and honest assignments should be sustained; and, so far as the record here shows, the assignment in the present instance is eminently fair and honest. Indeed, it is not often that an assignment is presented less open to objection.

We concur in the. decision of the court below, and_ we therefore affirm the decree of that court, with costs.