## [No. 3908.]
## TATE v. THE PEOPLE.

CRIMINAL LAW—FINE AND COSTS—STATUTORY LIEN.

Sec. 1472, Mills' Ann. Stats. provides that all the property, real and personal, of any person convicted of a criminal offense shall be bound for the fine and costs of prosecution, and a lien thereon is created from the time of his arrest, if arrested before indictment, if not, from the time of the indictment. Sec. 1475, Mills' Ann. Stats. provides that wherever it shall appear that a party confined for any fine or costs of prosecution for any criminal offense has no estate whatever wherewith to pay such fine or costs, after all legal means to collect the same have been exhausted, he shall be discharged. Upon an application for discharge under the statute, the evidence showed that an execution had been issued and returned in thirty days, at the applicant's request, *nulla bona,* and it was further testified that the applicant had no property whatever. But it further appeared that at the time of filing the indictment defendant had an interest in a saloon which was afterwards attached and sold by creditors, and that he had about $750 in money which he said his partner took. *Held,* that the evidence did not show that all legal means to collect the fine and costs had been exhausted, since no effort had been made to have the money his partner took applied on the execution, nor any attempt to enforce the statutory lien upon the property seized under attachment.

*Error to the District Court of Lake County.*

IN THE district court of Lake county the defendant Tate was convicted of gambling, and sentenced to confinement in the county jail for thirty days, and to pay a fine of $500 and costs, and to stand committed until the fine and costs were paid in full. He served out the jail sentence, and then, before the acting judge of the court at chambers, made application, under section 1475, Mills' Ann. Stats. (section 968, Gen. Stats. 1883) for a discharge from further imprisonment for the fine and costs, on the ground that he had no estate whatever with which to pay the same. That section, so far as pertinent here, is as follows:

"Whenever it shall be made satisfactorily to appear to the

district court of any district, or to any judge thereof in vacation, after all legal means have been exhausted, that any person who is confined in jail, or in the penitentiary, or other place of confinement, for any fine or costs of prosecution for any criminal offense, hath no estate whatever wherewith to pay such fine and costs, or costs only, it shall be the duty of the said court or judge to discharge such person from further imprisonment for such fine and costs, which (dis) charge shall operate as a complete release of such fine and costs."

Evidence was heard, and at its conclusion the judge made findings of fact to the effect that the defendant had not made it satisfactorily appear that all legal means had been exhausted to recover the fine and costs, and thereupon denied defendant's application. To this judgment defendant prosecutes this writ of error.

Mr. GEORGE B. CAMPBELL, for plaintiff in error.

Mr. BYRON L. CARR, attorney general, and Mr. CALVIN E. REED, for defendant in error.

PER CURIAM. Numerous errors are specified, but they may all be grouped under the general assignment that the findings of fact were contrary to the evidence, and the conclusions of law unsound. Assuming, but not deciding, that we have jurisdiction of the writ, we have carefully examined the entire record, and are satisfied that the judgment should not be disturbed. From the findings of fact, which are supported by the evidence, it appears that the information was filed July 1, 1897, and conviction had March 17, 1898. On the day of filing the indictment, to wit: July 1, the defendant owned a fifteen per cent interest in the saloon business of Stewart & Tate, at Leadville; and there was then accumulated $5,000 in money in their safe. Before the date of conviction, but after the information was returned, creditors levied a writ of attachment upon certain property of the firm, which afterwards was sold to satisfy the judgment recovered. It does not appear that

this money was seized, but on the contrary defendant testifies that his partner Stewart took it. Neither is it shown what was the value of the property levied on in the attachment suit. The execution in the case at bar was issued, and placed in the hands of the sheriff, and at the request of defendant's counsel, returned by the sheriff in about thirty days *nulla bona.* By sec. 2538, Mills' Ann. Stats. (sec. 1846, Gen. Stat. 1883) an execution is made returnable in ninety days. While it may be true that, in his discretion, the sheriff may take upon himself the responsibility of returning it at an earlier date (*Brown v. Parkhurst*, 24 Ill. 257), the fact that he does so, and that, too, at the request of defendant's counsel, is a circumstance which the court or judge may rightfully consider in determining the question whether all legal means have been exhausted to recover the fine and costs, when an application is made for the prisoner's discharge on the ground of the insufficiency of his estate wherewith to pay them. Sec. 1472, Mills' Ann. Stats. (sec. 963, Gen. Stats. 1883) provides that the property, real and personal, of every person who shall be convicted of any criminal offense, shall be bound, and a lien is thereby created thereon, from the time of his arrest, if arrested before indictment, if not, then from the time of the finding of the indictment, at least so far as will be sufficient to pay the fine and costs of prosecution. This statute also directs the clerk to issue execution therefor, and to insert therein the day of the arrest, or the date of the return of the indictment, which execution is to be delivered to the sheriff or coroner, and it is made the duty of the latter to levy the same on the property owned by the defendant on such date, as well as upon any subsequently acquired property. The section, of course, applies where the prosecution is by information instead of indictment.

By the defendant's own evidence, he had at least $750 in money on the day of the return of the information, which Stewart, his partner, took out of the safe, and no attempt has been made by the sheriff to have this money applied upon the execution. Neither was any attempt made by him to

levy upon the property which was seized under the attachment writ, which the statute quoted, expressly impresses with the lien of the judgment for fine and costs, and makes the lien relate back to the day of the finding of the indictment. It is true that the defendant testifies, and brought witnesses to corroborate him, that he has no estate wherewith to pay the fine and costs. This, however, is not conclusive, especially in the light of the other uncontradicted evidence that he has, or had, property that might have been applied to the judgment, had reasonably diligent legal means been employed for that purpose.

The district judge, upon the evidence which we have briefly set out, held that it had not been made satisfactorily to appear to him that all legal means had been exhausted, and his discretion in arriving at that conclusion not having been abused, it follows that the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*